Woodlief vs. Logan et als.

---

No. 12,954.

Riley Y. Woodlief vs. George C. Logan, et als.

51  1931
51  1936
51  1931
104  320

Syllabus.

A transcript of appeal which contains no part of the pleadings or evidence on which the cause was tried in the District Court, is wholly inadequate and insufficient; and a certificate which certifies that such a transcript is a full, true and perfect one is erroneous.

The only alternative for the Appellate Court is, to dismiss the appeal.

Woodlief vs. Logan et als.

ON REHEARING.

It having been brought to the attention of the court that an amended certificate of appeal was filed contemporaneously with the motion to dismiss, and that such supplemental certificate covers the objection therein urged, same will be denied.

ON APPEAL from the Civil District Court for the Parish of Orleans, *Rightor, J.*

*Rice & Montgomery* for Plaintiff and Appellee.

*James McConnell, Jr.,* and *W. B. Sommerville* for Defendants and Appellants.

Submitted on briefs on motion to dismiss January 23, 1899.
Opinion handed down February 20, 1899.
Rehearing granted March 20, 1899.
Submitted on motion and merits on brief April 5, 1899.
Opinion on motion to dismiss (motion overruled) May 29, 1899.
The opinion of the court on motion to dismiss was delivered by *Watkins, J.*

(The judgment of the court on the merits in this case will be found incorporated in the opinion in the case bearing the same title, and numbered 12,611 on the docket of this court, recently decided.) ,

Upon the application for rehearing by WATKINS, J.

ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by
WATKINS, J. The grounds of the motion are, (1) diminution of the record; (2) and insufficiency or incorrectness of the certificate of the clerk of the District Court appended to the transcript.

There is a third ground stated in the motion to dismiss which has been formally abandoned, and need not be mentioned.

The transcript contains only the judgment and the petition, order and bond of appeal; yet the certificate states that "the foregoing five "pages do contain a true, correct and complete transcript of all the "proceedings had, documents filed, and evidence adduced upon the

"trial of the cause wherein Riley Y. Woodlief is plaintiff, and
"George C. Logan, *et als,* are defendants, instituted in this court, and
"now in the records thereof, etc."

It is quite evident, that all the proceedings had, documents filed,
and evidence adduced, are not in the transcript, and, therefore, the
transcript is incomplete, and the certificate erroneous.

But, our attention has been attracted to the fact, that appellants-
filed a motion in this court, requesting that the transcripts hereto-
fore filed in this court, bearing the docket numbers 12,611 and 12,713
be made parts of the transcript in this cause, as same "are branches
of this cause;" and it appears, that this court, thereupon, granted
an order to the effect, "that same be considered and made part there-
of," and that "appellants be permitted to use the same herein without
prejudice."

But, counsel for appellee contends, and we think correctly, that
there is nothing to show that those two records contain the *pleadings*
*and evidence* on which the judgment appealed from was founded; and,
if so, the certificate to the transcript in the instant case is clearly at
variance with these facts.

*Per contra,* if the said certificate is correct, then, it is evident,
that these two records do not contain the pleadings and evidence.

That motion was made and granted *ex parte*—the appellee not being
party thereto, as is shown by the order of this court.

In addition to the foregoing contention, it is clear that the trans-
-cript must be made up completely and entirely in the District Court;
and no imperfections therein can be cured by any proceedings had in
this court.

If the transcript is complete and perfect when it is filed in this
court, other records thereof may be cumulated therewith and used by
either party on the submission of same; but they can not be made
to subserve the purpose of an amendment to an *imperfect* transcript,
and thus complete it.

The province of the District Court is, to try the case, decide it,
and transmit a full, true, perfect and complete transcript thereof to
this court for review in case an appeal is taken.

The proper course for the party cast in the District Court, who
desires to use records in this court without having same formally
transcribed into the transcript, is to obtain an order of the District
Court to that effect, or the consent of the opposite party; and to have

it particularly specified on the certificate of appeal, that the records of this court, together with those included in the transcript, constitute a full, true and complete transcript of the cause for trial on the appeal.

There seems to be no escape from the conclusion, that the transcript is absolutely wanting in every element necessary to its completion, and that the certificate of appeal is entirely incorrect.

The appeal must therefore be dismissed.

UPON APPLICATION FOR REHEARING ON MOTION TO DISMISS APPEAL.

The grounds of the motion to dismiss appeal are, (1) diminution of the record; (2) and insufficiency or incorrectness of the certificate of appeal.

The former was based upon the ground that the transcript contains only the judgment, the petition, order and bond of appeal, and that the certificate of the clerk states that "the foregoing five pages do contain a true, correct and complete transcript of all proceedings had, documents filed, and evidence adduced upon the trial of said cause, etc."

Our opinion states, that the attention of the court has been attracted to the fact, that appellants filed a motion in this court, requesting that the transcripts, heretofore filed in this court, bearing the docket numbers 12,611 and 12,713, be made parts of the transcript—"an order of court having been granted to that effect, but "which states, that same be considered as made part hereof, and that "appellants be permitted to use the same without prejudice."

Counsel in their brief attract our attention to a corrected certificate of appeal, which is annexed to the transcript, which appears to have been filed on January 23rd, 1899—the date of the submission of the cause—but, inasmuch as same was not attached to the record at the time the same was placed in the hands of the court for decision, its attention was not attracted thereto, and the appeal was, consequently, dismissed.

Referring to said amended certificate, we find a statement made therein to the effect, that the record presented "is a true, correct, and complete transcript,  * * *  except such proceedings, documents and evidence now on file in the Honorable the Supreme Court of Louisiana, in the transcripts of appeal, numbers 12,611 and 12,713."

The same are the transcripts to which reference is made in the motion which counsel filed in this court, above referred to.

While the aforesaid certificate was, of itself, an insufficient compliance with the law to perfect an appeal, we think it was adequate and sufficient when taken in connection with said supplemented and amended certificate.

Entertaining this view, our former judgment, dismissing the appeal, is now annulled and set aside; and it is further ordered and decreed that the motion to dismiss the appeal be, and the same is, denied.